UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Tracy S. Middleton-Smalls,<br>       Plaintiff,<br><br>                v.<br><br>Father to Father, Inc.,<br>       Defendant. | CASE NO.: 2:21-cv-04025-RMG-SVH<br><br>**COMPLAINT**<br>**(Jury Trial Requested)** |

## **JURISDICTION AND PARTIES**

1. This suit is brought and jurisdiction lies pursuant to the Title VII of the US Civil Rights Act of 1964, and gender discrimination under 42 U.S.C. Sec. 1981, as amended on the basis of sex (female).

2. All conditions precedent to jurisdiction under § 706 of Title VII, 42 U.S.C. §2000e-5 have occurred or been complied with.

   a. A charge of employment discrimination on basis of gender discrimination and retaliation was filed by the Plaintiff with the Equal Employment Opportunity Commission ("EEOC").

   b. Notification of the Right to Sue was received from EEOC on or about September 14, 2021.

   c. This Complaint has been filed within 90 days of receipt of EEOC's Dismissal and Notice of the Right to Sue.

3. The Plaintiff, Tracy S. Middleton-Smalls, at all relevant times herein, is a citizen and resident of the State of South Carolina, and resides in Charleston County, South Carolina.

4. All discriminatory employment practices alleged herein were committed within the State of South Carolina.

5. That, upon information and belief, the Defendant, Father to Father, Inc., is a domestic non-profit corporation organized and operating by the laws of the State of South Carolina and doing business and maintaining offices and agents in the County of Charleston, State of South Carolina.

6. The Defendant is a "person" within the meaning of §701 Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e.

7. The Defendant is an industry that affects commerce within the meaning of the Civil Rights Act of 1964, 42 U.S.C. §2000e.

1

8. The Defendant employs fifteen (15) or more employees and is an "employer" within the meaning of §701 Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e.

9. The parties, matters and all things and matters hereinafter alleged are within the jurisdiction of the Court.

## STATEMENT OF FACTS

10. The Plaintiff reiterates and realleges each and every allegation as if fully set forth herein.

11. The Plaintiff (female) began working for Father to Father, Inc. in or about August 2016. That at all times relevant, the Plaintiff was effective and efficient at her work.

12. In or about October 2020, Plaintiff began to be discriminated against due to her gender by the Interim Executive Director, Elmore Ragland.

13. On or about October 19, 2020, Mr. Ragland called Plaintiff to inform her that he was preparing for pay raises. Mr. Ragland asked Plaintiff what increase she was looking to receive. When Plaintiff received her raise, Mr. Ragland stated it was for her hard work and loyalty to Father to Father, Inc.

14. Approximately a week later, Mr. Ragland came to the Berkeley office for a face-to-face meeting, because he believed he was not being informed of the participant's court appearance, even though he had been informed of the participant being detained after a court appearance. Once Mr. Ragland realized that he had been informed, he then started questioning the Plaintiff about a report that was prepared in May 2020.

15. Following the meeting, Plaintiff asked Mr. Ragland if she could participate in the training with the new hires for additional training. Mr. Ragland told Plaintiff to refer to the tools and did not allow her to participate in additional training. Mr. Ragland then proceeded to tell Plaintiff that he did not believe this job was for her, even though Plaintiff has been working for Defendant for approximately 4 years and had received a raise.

16. Plaintiff reported her concerns to Vincent Mercer, Lead Interventionist, but since Mr. Mercer was not Plaintiff's supervisor, he was limited in his capabilities.

17. When Charles Shark, former employee, was having issues with his case management, Mr. Shark was granted additional training, and a plan for improvement was established to assist him in improving.

18. On or about October 11, 2020, Defendant returned to in-person group sessions, and Plaintiff was informed that she needed to attend the court hearings the following day for Mr. Mercer. On October 12, 2020, Plaintiff attended the court hearings and returned to the office with a severe headache.

19. Plaintiff asked Shakia Anderson, Data Quality Manger, for assistance. Mrs. Anderson contacted the office next door, and an employee of that office took Plaintiff's blood pressure. Plaintiff was informed that her blood pressure was extremely high, and the Doctor with the office recommended that Plaintiff go to the emergency room immediately. Mrs. Anderson took Plaintiff to the nearest emergency room, and due to the Plaintiff extremely high blood pressure they referred her to her primary doctor the next day.

20. Plaintiff decided despite having continued issues with her blood pressure, she needed to return to work. On October 17, 2020, in retaliation for her complaints, the Plaintiff was terminated. Mr. Ragland stated that he was letting her go, because she was not a "good fit.".

21. It was the duty of the Defendant, by and through its agents, servants and/or employees, to prevent such acts and behavior from occurring and to stop it once the behavior had been reported by the Plaintiff.

## FOR A FIRST CAUSE OF ACTION
### Violation of Civil Rights/Discrimination Under Title VII

22. The Plaintiff reiterates and realleges each and every allegation as if fully set forth herein.

23. At all times the Plaintiff was performing her job satisfactorily.

24. The Plaintiff is a member of a protected group on the basis of her gender.

25. The Plaintiff was discriminated against and denied additional training due to her gender (female) in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e.

26. Similarly situated male employees received preferential treatment by being able to get additional training, where the Plaintiff was denied, due to her gender.

27. The Plaintiff engaged in a protected activity by reporting the Defendant's unlawful employment practices and filing a charge with the EEOC.

28. The Plaintiff was harassed by the Defendant when it denied her additional training, even though male employees were not issued the same requirement.

29. The aforesaid harassment to which the Plaintiff was subjected was permitted to continue by the Defendant, despite knowledge that it was occurring.

30. The Defendant was wanton, reckless, wanton and intentional in the discrimination of the Plaintiff in the following particulars, to wit:

    a. In failing to continue to employ the Plaintiff due to her gender;

3

  b. In discharging the Plaintiff due to her gender as a result of her opposing the Defendant's unlawful employment practices and for filing reports of the discrimination with the EEOC.

31. The Defendant violated Title VII of the Civil Rights Act of 1964, as amended (42 U.S.C. §2000e et seq.), by allowing the gender discrimination and preferential treatment, harassment and retaliation to exist in the workplace.

32. That in failing to protect the Plaintiff from gender discrimination, harassment and retaliation or preferential treatment, the Defendant acted with malice or reckless indifference to the federally protected rights set out under Title VII of the Civil Rights Act of 1964, as amended (42 U.S.C. §2000e et seq.), and Equal Employment Opportunity Commission.

33. As a direct and proximate result of the Defendant's discrimination on the basis of gender, the Plaintiff has suffered a loss of wages, benefits, and employment opportunities.

34. The Defendant's employment discrimination and discharge of the Plaintiff has caused, continues to cause, and will cause the Plaintiff to suffer substantial damages for pecuniary losses, embarrassment, humiliation, mental anguish, loss of enjoyment of life, and other nonpecuniary losses.

35. Due to the acts of the Defendant, its agents and employees, the Plaintiff is entitled to injunctive relief and/or civil damages, to include punitive damages, attorney's fees and costs, back wages, plus interest, payment for lost benefits, and reinstatement of benefits and front pay, and all other remuneration to which she may be entitled by law.

## **FOR A SECOND CAUSE OF ACTION**
**Retaliation**

36. The Plaintiff reiterates and realleges each and every allegation as if fully set forth herein.

37. As alleged above, Plaintiff satisfactorily performed her essential and fundamental job functions as well as other positions and was an exemplary employee in all respects. Upon reporting the detrimental treatment and discrimination based on her gender, Plaintiff was terminated from her position in retaliation for asserting her rights under 42 U.S.C. §1981 and Title VII of Civil Rights Act of 1964, as amended (42 U.S.C. §2000e et seq.), and the Equal Employment Opportunity Act.

38. That the aforesaid conduct of Defendant, its agents and servants, violates South Carolina and United States laws against retaliatory discharge and was, in fact, retaliatory in nature and in violation of 42 U.S.C. §1981 and Title VII of Civil Rights Act of 1964, as amended (42 U.S.C. §2000e et seq.), and the Equal Employment Opportunity Act.

39. Plaintiff is entitled to injunctive relief and/or civil damages from Defendant as a result of Defendant's retaliation as alleged above.

40. That the aforesaid conduct of Defendant, its agents and servants, violates South Carolina and United States laws against retaliation and was, in fact, retaliatory in nature.

41. Due to the acts of Defendant, its agents and employees, Plaintiff is entitled to injunctive relief and/or civil damages, back wages, plus interest, payment for lost benefits, and reinstatement of benefits and front pay.

## **REQUEST FOR RELIEF**

42. The Plaintiff reiterates and realleges each and every allegation as if fully set forth herein.

43. Due to the acts of the Defendant, the Plaintiff suffered humiliation, embarrassment, shock and indignities, lost wages, loss of front pay, back pay, and other work benefits.

44. By reason of such wrongful acts of the Defendant, the Plaintiff has been damaged in such an amount to be determined by the trier of fact.

WHEREFORE, the Plaintiff prays for the following relief:

1. Judgment in favor of the Plaintiff and against the Defendant for all causes of action in an amount which is fair, just and reasonable, and for compensatory damages;

2. Prejudgment interest, costs and attorney's fees as may be allowed by law;

3. Judgment in favor of the Plaintiff and against the Defendant with back pay and associated benefits she would have earned with all lost or diminished benefits such date to be determined by the trier of fact;

4. Judgment in favor of the Plaintiff and against the Defendant for front pay and any other work benefits she lost in an amount to be determined by the trier of fact;

5. Judgment in favor of the Plaintiff and against the Defendant for embarrassment and humiliation, and emotional distress in an amount to be determined by the trier of fact; and

6. Judgment against the Defendant, in such an amount of actual damages, punitive damages, attorney's fees, costs of this action and any other relief this Honorable Court deems allowable under law, just and proper.

*(Signature on following page)*

                                      **WIGGER LAW FIRM, INC.**

                                      <u>s/Jarrel L. Wigger</u>
                                      Jarrel L. Wigger  (Fed. I.D. # 06345)
                                      Attorney for Plaintiff
                                      8086 Rivers Avenue, Suite A
                                      North Charleston, SC 29406
                                      Telephone:     (843) 553-9800
                                      Facsimile:     (843) 553-1648

North Charleston, South Carolina
December 13, 2021